1

2

3

4

5

6

7

8                        UNITED STATES DISTRICT COURT

9                       EASTERN DISTRICT OF CALIFORNIA

10

11  In re:

12        ESTRELLA A. KINCAID and
          JAMES M. KINCAID
13                                        NO. CIV. S-05-940 WBS
              Debtors.
14
          ESTRELLA A. KINCAID and
15        JAMES M. KINCAID,

16            Appellants,                  O R D E R

17            v.

18        SUSAN K. SMITH,

19            Appellee.
    _____/
20

21        The parties in this case filed a motion for a temporary

22  restraining order on November 3, 2006.  They request that the court

23  reopen a bankruptcy appeal and restrain a hearing before the

24  bankruptcy court on November 7, 2006, which they maintain will

25  result in the sale of their real property.  The court decides the

26  matter based on the debtors' papers, without oral argument.  For

                                    1

1  the reasons set forth below, the motion is denied.

2  **I. Facts**

3      The parties are pro se debtors.  They have filed an "Emergency

4  Ex Parte Motion to Reopen Appeal," which the court construes as a

5  temporary restraining order.  They request that the court reopen

6  an appeal of a bankruptcy decision, which was dismissed on June 12,

7  2006 for failure to perfect the appeal.  According to the debtors,

8  the underlying bankruptcy decision will permit the Chapter 7

9  trustee to sell their real property.  The trustee filed a motion

10 for authority to sell the debtors' real property and a hearing is

11 scheduled on that motion for Tuesday, November 7, 2006.  The

12 debtors request that the court restrain that hearing, in addition

13 to reopening the appeal.

14 **II. Standard**

15     The standard for a temporary restraining order and for a

16 preliminary injunction are substantially the same.  Stuhlbarg Int'l

17 Sales Co., Inc. v. John D. Brush & Co., Inc., 240 F.3d 832, 839 n.7

18 (9th Cir. 2001).  The Ninth Circuit's standard for a preliminary

19 injunction requires that the moving party show either (1) a

20 combination of probable success on the merits and the possibility

21 of irreparable injury, or (2) that serious questions are raised and

22 the balance of hardships tips sharply in favor of the moving party.

23 Dr. Seuss Enters. v. Penguin Books USA, Inc., 109 F.3d 1394, 1397

24 n.1 (9th Cir. 1997).  These standards "are not separate tests but

25 the outer reaches of a single continuum." Int'l Jensen, Inc. v.

26 Metrosound U.S.A., 4 F.3d 819, 822 (9th Cir. 1993) (citation

1  omitted).

2      The court in any situation must find that there is at least
3  a fair chance of success on the merits, Johnnson v. California
4  State Bd. of Accountancy, 72 F.3d 1427, 1430 (9th Cir. 1995), and
5  that there is some threat of an immediate irreparable injury, Big
6  County Foods, Inc. v. Bd. of Educ. of the Anchorage Sch. Dist., 868
7  F.2d 1085, 1088 (9th Cir. 1989).

8                          **III. Analysis**

9      Assuming, arguendo, that the debtors have established a
10 likelihood of success on the merits, they have not demonstrated
11 that concrete irreparable injury will result without a temporary
12 restraining order.   See Caribbean Marine Servs. Co., Inc. v.
13 Balridge, 844 F.2d 668, 674 (9th Cir. 1988) ("Speculative injury
14 does not constitute irreparable injury sufficient to warrant
15 granting a preliminary injunction."); Colorado River Indian Tribes
16 v. Town of Parker, 776 F.2d 846, 849 (9th Cir. 1985) ("We have long
17 since determined that speculative injury does not constitute
18 irreparable injury.").   For this reason alone, the motion should
19 be denied.

20     The facts indicate that the trustee has merely filed a motion
21 for authority to sell the debtors' property, and a hearing is
22 scheduled for that motion on November 7, 2006.   In order for the
23 debtors to prove that the sale of their property is concrete,
24 rather than speculative, they would need to demonstrate, at the
25 very least, that there is a fair possibility that the motion will
26 be granted.   They have not done so here.   Indeed, in their

                                3

1   opposition papers to that motion, they have argued that it is

2   improper for various procedural reasons.  The court need not pass

3   on the merits of that motion to hold that, for purposes here, the

4   debtors have not met their burden of proving the existence of

5   concrete irreparable injury.

6        The court also need not address the likelihood of success

7   regarding the debtors' motion to reopen their appeal, as they have

8   failed to establish the existence of irreparable injury.

9        Accordingly, the motion for a temporary restraining order is

10   hereby DENIED.

11        IT IS SO ORDERED.

12        DATED: November 6, 2006.

13

14

15

16   LAWRENCE K. KARLTON
     SENIOR JUDGE
17   UNITED STATES DISTRICT COURT

18

19

20

21

22

23

24

25

26

                                 4