UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

In re:

ESTRELLA A. KINCAID and JAMES M. KINCAID

    Debtor,

CASE NO. CIV. S-05-0940 WBS

(Bankruptcy Court No. 05-21390-B-7)

-------------------------------

ESTRELLA A. KINCAID and JAMES M. KINCAID,

    Appellants,

    v.

SUSAN K. SMITH,

    Appellee.

<u>MEMORANDUM AND ORDER DENYING MOTION FOR RELIEF FROM JUDGMENT</u>

-------------------------------

----oo0oo----

    This matter arises out of appellants Estrella A. Kincaid and James M. Kincaid's appeal from an order of the Bankruptcy Court. Appellants now seek to reopen the appeal, after this court dismissed the action and closed the case on June 12, 2006.

///

1

I.   Factual and Procedural History

     Appellants were debtors in a Chapter 13 bankruptcy action before the Bankruptcy Court in this district.  In re: Estrella A. Kincaid & James M. Kincaid, Case No. 05-21390-B (Bankr. E.D. Cal.).  On March 14, 2005, the Bankruptcy Court issued an order converting the bankruptcy proceeding to Chapter 7.  Id., slip op. at 10 (Bankr. E.D. Cal. March 14, 2005).  On March 24, 2005, debtor James M. Kincaid filed a motion to reconsider the March 14 conversion order.  On April 27, 2005, the Bankruptcy Court held hearings on the matter, and on May 2, 2005, the court issued an order denying debtors' request for reconsideration.  Id., slip op. at 2 (Bankr. E.D. Cal. May 2, 2005).

     On May 10, 2005, Estrella and James Kincaid noticed an appeal of the Bankruptcy Court's May 2, 2005, order denying reconsideration.  Pursuant to 28 U.S.C. § 158(c)(1) and Federal Rule of Bankruptcy Procedure 8001, appellants elected to have the appeal heard by this court.  Subsequently, on May 13, 2005, the clerk of the court sent appellants an Opening Letter, notifying them that to properly prosecute their appeal, they were required to "file within ten (10) days a designation of record, statement of issues on appeal and a notice regarding the ordering of transcripts with the bankruptcy court."  (May 13, 2005 Opening Letter (citing Fed. R. Bankr. P. 8006, 8007)).

     Appellants, however, failed to do so, and on October 6, 2005, this court received a Notice of Incomplete or Delayed Record from the Bankruptcy Court.  (October 6, 2005 Notice.) Accordingly, on April 25, 2006, this court issued an order

requiring appellants to file a statement showing cause why the court should not dismiss the action for failure to perfect the appeal. (April 25, 2006 Order.) Appellants again failed to respond, and thus, on June 12, 2006, this court entered an order dismissing the action for failure to perfect the appeal. (June 12, 2006 Order.)

Six months later, on November 3, 2006, appellants filed an ex parte request for a temporary restraining order, seeking to reopen the appeal and restrain a hearing before the bankruptcy court. Judge Karlton denied appellants' request, based primarily on the fact that appellants failed to establish any irreparable harm. (November 7, 2006 Order.) Appellants now bring an "Emergency Ex Parte Request to Address Nov. 03, 2006 '. . . Ex Parte Motion to Reopen Appeal,'" which this court construes as a motion to reopen the appeal pursuant to Federal Rule of Civil Procedure 60(b).[1]

II.  Discussion

Rule 60(b)(1) of Civil Procedure provides that a court may relieve a party from a final judgment on the basis of mistake, inadvertence, surprise, or excusable neglect. Reconsideration is an "extraordinary remedy" which should be used "sparingly in the interests of finality and the conservation of judicial resources." Kona Enter., Inc. v. Estate of Bishop, 229 F.3d 877, 890 (9th Cir. 2000); see also School Dist. No. 1J,

---

[1] The only legal authorities cited by appellants in support of reopening their appeal are Bateman v. U.S. Postal Serv., 231 F.3d 1220 (9th Cir. 2000), and Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship, 507 U.S. 380 (1993), which both discuss the principle of "excusable neglect" (also mentioned by appellants) found in Federal Rule of Civil Procedure 60(b)(1).

3

1  Multonomah County v. AC and S, Inc., 5 F.3d 1255, 1263 (9th Cir.
2  1993) (stating that reconsideration should only be granted in
3  "highly unusual circumstances").
4     The Supreme Court has stated that assessing excusable
5  neglect requires the court to weigh at least four factors,
6  including: (1) the danger of prejudice to the opposing party; (2)
7  the length of the delay and its potential impact on the
8  proceedings; (3) the reason for the delay; and (4) whether the
9  movant acted in good faith.  Pioneer, 507 U.S. at 395.  In this
10 case, even a brief review of these factors reveals that all of
11 them strongly weigh against reopening the appeal.
12    Regarding the first consideration, in this case the
13 opposing party is Susan Smith, trustee, who represents the
14 interests of the estate, and thus appellants' creditors.  By
15 continually refusing to move their appeal forward, appellants
16 have unreasonably stalled the case.  In doing so, they
17 effectively prevent their creditors, who have a legitimate
18 entitlement to portions of appellants' estate, from collecting on
19 their debts.
20    The prejudice to the opposing party is even clearer,
21 considering the second factor, i.e. the length of the delay.
22 Appellants appealed the Bankruptcy Court order on May 10, 2005,
23 and as per the Opening Letter, had ten days to perfect their
24 appeal.  It is now over eighteen months later, and appellants
25 have still yet to file the appropriate designation of record,
26 statement of issues and notice regarding the ordering of
27 transcripts with the bankruptcy court.  Appellants have been
28 parties to various bankruptcy proceedings, and subsequent

appeals, for over six years, and are thus undoubtedly familiar with the procedures involved.  A delay of eighteen months in perfecting an appeal is wholly unreasonable, and highly prejudicial to those with interests in the property in question.

With regard to the reason for the delay, appellants argue that because they moved residences, they never received any of the relevant communications from the court.  As evidence of this fact, they cite this court's April 25, 2006, notice requiring appellants to show cause, which was returned to this court as "Undeliverable."  (April 28, 2006 Docket Entry No. 4.)  However, appellants were put on notice of the requirements for perfecting their appeal eleven months prior to this courts April 25, 2006, order to show cause.  Significantly, appellants filed their notice of appeal on May 10, 2005, and indicated "805 F. St." as their address of record.  The Opening Letter, which detailed the requirements for appellants to perfect their appeal, was sent a mere <u>three days later</u> to that same address, and there is no indication that the letter was not received.  Accordingly, appellants had notice of their obligations regarding their appeal, and their subsequent change of address does not excuse their failure.

Moreover, appellants' repeated assertions regarding their change of address ignore the very clear Local Rules of this district, which provide that "[e]ach attorney appearing and each party appearing in propria persona is under a continuing duty to notify the Clerk and all other parties of any change of address or telephone number of the attorney or the party if appearing in propria persona.  Absent such notice, service of documents at the

prior address of the attorney or party shall be fully effective."[2] L.R. 83-182(f).  Even if there were no such local rule, the most basic common sense would dictate that if you want to get notices from the court you had better let the court know where to send them.

        Appellants argue that "the court had notice that the mail from this court was not delivered to the movants Kincaids, who thereby had no notice of decisions or orders . . . ."  (Nov. 3, 2006 Ex Parte Request.)  Maybe so, but the court still didn't know where they moved to.  If the Kincaids think it is up to the court to hunt them down whenever they move just to make sure they receive their notices, they are sorely mistaken.  The responsibility regarding a change of address falls to <u>appellants</u>--this court's repeated delivery to appellants' address of record constitutes legally effective notice.

        Finally, appellants assert they have acted in good faith, but the factual history in this matter yields a different conclusion.  As the Bankruptcy Court noted, in the original March 14, 2005, order converting the bankruptcy to Chapter 7, appellants' conduct throughout all three bankruptcy proceedings has been "replete with delaying tactics as well as outright dishonesty."  <u>Kincaid</u>, Case No. 05-21390-B, slip op. at 10 (Bankr. E.D. Cal. March 14, 2005.)  As highlighted above, appellants' unreasonable delays in the present appeal are no

---

[2] Moreover, "[i]f mail directed to a plaintiff in propria persona by the Clerk is returned by the U.S. Postal Service, and if such plaintiff fails to notify the Court and opposing parties within sixty (60) days thereafter of a current address, the Court may dismiss the action without prejudice for failure to prosecute."  L.R. 83-183(b).

6

1  different.
2          Accordingly, appellants' failure to perfect their
3  appeal in this case does not constitute "excusable neglect," and
4  this court's June 12, 2006, decision to dismiss the appeal was
5  proper.  Appellants have had more than ample opportunity to
6  litigate their case, but have instead sought to continually delay
7  resolution of the matter.  Once a party has litigated their
8  position to the fullest extent allowed, the interests of finality
9  in judicial procedure mandate that a final judgment remain final.
10 See Kona, 229 F.3d at 890.
11         IT IS THEREFORE ORDERED that appellants' motion to
12 reopen their appeal be, and the same hereby is, DENIED.
13 DATED:  December 21, 2006

_____
WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE

7